UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ANTONIO CASTRO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:12-CV-398 PS |
| | ) | |
| SUPERINTENDENT, Westville Correctional Facility, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Antonio Castro, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time at a prison disciplinary hearing [DE 1]. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including advance written notice of the charges, an opportunity to be heard before an impartial decision maker, the opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals, a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-64 (1974).

There must be "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

According to the petition, the disciplinary hearing officer found Castro guilty of trafficking and took 30 days of earned credit time from him [DE 1]. In ground one of his petition, Castro asserts that the "evidence does not support the charge" [DE 1 at 3]. Giving Castro the benefit of the inferences to which he is entitled to at this stage of the proceedings, this ground may state a claim upon which relief may be granted.

In ground two of his petition, Castro asserts that prison officials violated Indiana Department of Correction policy by not properly filling out chain of custody forms [DE 1 at 3]. But challenges to prison policies are questions of state law, "which does not give rise to a federal constitutional question for which federal habeas relief is appropriate." *Douglas v. Finnan*, 342 Fed. Appx. 198, 199 (7th Cir. 2009); *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995) (errors of state law may not form the basis of federal habeas relief). Accordingly, Castro cannot proceed on ground two of his petition.

In ground three of his petition, Castro asserts that his "right to a written copy of the findings of fact was not complete due to the photograph of the phone book was not provided to the petitioner" (DE 1 at 3). In order to comply with due process, "there must be a 'written statement by the factfinders as to the evidence relied on and the reasons'" for the disciplinary action. *Wolff*, 418 U.S. at 564-65, quoting *Morrissey v. Brewer,* 408 U.S. 471, 489 (1972). The factfinder need only supply a summary of the evidence – not copies of all pieces of evidence relied upon. If a disciplinary hearing board's statement of facts relied on "establish[es] the evidence underlying its decision, then the inmate is protected from mischaracterization of the disciplinary action when it comes under

review." *Redding v. Fairman*, 717 F.2d 1105, 1116 (7th Cir. 1983) *cert. denied*, 465 U.S. 1025 (1984). That a photograph of a phone book may not have been provided to the Petitioner does not indicate that his right to a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action was violated.

For the foregoing reasons, the court:

(1) **GRANTS** the Petitioner leave to proceed on ground one of his petition for writ of habeas corpus;

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, **DISMISSES** grounds two and three of the petition; and

(3) **DIRECTS** the clerk's office to ensure that a copy of this order is served on the Respondent and the Indiana Attorney General along with the order to show cause.

**SO ORDERED**.

ENTERED: December 3, 2012

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT