UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ANTONIO CASTRO, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | CAUSE NO. 2:12-CV-398 PS |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**OPINION AND ORDER**

Antonio Castro, a *pro se* prisoner, filed a habeas corpus petition challenging his prison disciplinary hearing where he was found guilty of attempted trafficking in violation of A-113 and sanctioned with the loss of 30 days earned credit time. In a prior order, I dismissed all but one of the grounds raised by Castro, and ordered the respondent to explain what evidence in the administrative record demonstrated that Castro was guilty of attempted trafficking. (DE 4.) The Respondent filed part of the administrative record[1] and argued that the conduct report alone was sufficient evidence of attempted trafficking. I disagreed and ordered the Respondent to file the photograph of Castro's address book and the internal affairs file mentioned in the conduct report. The Respondent then filed the photograph and explained that there never was an internal affairs investigation and there is no internal affairs file.

I understand that a conduct report alone *may be* sufficient evidence to support a finding of guilt in a prison disciplinary setting. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.

---

[1] Three documents filed by the Respondent are not about this case. They are not even about the Petitioner in this case. *See* DE 17-5 at 1-2 and DE 17-6 at 1. These three pages are about a disciplinary appeal filed by Maurice Garrett, IDOC # 147622, in WCC 12-04-546. Because Castro had already submitted his appeal paperwork, DE 1-1 at 1-6, and because none of the appeal paperwork was relevant to the resolution of this case, I did not order that the Respondent correct this mistake.

1999). But the conduct report in this case does not provide any evidence of attempted trafficking.

Here is what the conduct report says:

> On above date and approx time I (Sgt. D. Moynihan) was shaking down Off. Castro, Antonio #105348 when I found a phone number for the "Greendot" customer service number in his address book that was under his mattress. These Greendot numbers are pursuant to trafficking. There were also many offenders nicknames and numbers in the same book showing possible evidence that the offender was doing this as a group service.

(DE 17-1 at 1.) The photograph of the address book shows four entries:

| | |
|---|---|
| Guera | (219) 313-9213 |
| Gully 6 | (219) 427-8270 |
| Veronica Gutierrez<br>P.O. Box 9184<br>Highland, IN 46322 | (219) 218-9318 |
| Greeny D | (877) 937-4098 |

(DE 24-1.) The telephone number for "Greeny D" is obscured by the date/time stamp on the photograph and I cannot read it. The toll free number[2] that I have shown above was included in the respondent's brief attached to the copy of the photo. I believe that it is reliable because Castro has never disputed having such a number in his address book and has acknowledged "that he sent the debit card customer service number to his girlfriend to post funds to his account through J-Pay . . .." DE 20 at 4. J-Pay is a private company used by the Indiana Department of Correction for processing financial transactions to inmates. *See* http://www.in.gov/idoc/index.htm.

---

[2] The toll free number (877) 937-4098 is not for Greendot. It is for Walmart MoneyCard. Though Walmart sells Greendot cards, see www.greendot.com, the Walmart Moneycard is a different, prepaid debit/credit card sold by Walmart. *See* www.walmartmoneycard.com/AcctMgmt/Content/Common/Support/ContactUs.aspx. Nevertheless, this is a distinction without a difference. What matters is that Castro had the toll free telephone number for a debit/credit card company in his address book.

So the question is whether this is sufficient to support a finding that Castro engaged in the offense of attempted trafficking? While it is true that the findings of a prison disciplinary board need only have the support of "some evidence" in the record, and this is indeed a lenient standard, "some evidence" isn't the same as "no evidence. *Supt., Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). As the Seventh Circuit has stated, "Although some evidence is not much, <u>it still must point to the accused's guilt</u>." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted; emphasis added).

That is what is missing here. Merely having the toll free number of a debit/credit card company is not in and of itself an indication of attempted trafficking. Though it is undisputed that debit/credit cards like Greendot Cards and Walmart MoneyCards are used by inmates who engage in trafficking (DE 17-7), merely having the toll free number for a company that sells such cards is insufficient to find an inmate guilty of trafficking or attempted trafficking. A comb can be fashioned into a weapon by a creative inmate, but that does not mean that every inmate with a comb is guilty of attempted possession of a weapon. Without more, it is merely a comb. Here, Castro possessed a toll free number. Though the conduct report speculates that having a list of nicknames and telephone numbers could mean that Castro was running a "group service," – whatever that means – the respondent has provided neither evidence nor argument explaining how that is so. The list of names and numbers provides no indication that Castro has engaged in a financial transaction with any of them. Indeed, there is no evidence that Castro has contacted or attempted to contact any of them either directly or indirectly. Prison authorities have the ability to listen to inmates' telephone calls, open their mail, and monitor their movements. Finding this

3

toll free number could well have been a basis for subjecting Castro to more intense scrutiny to determine whether he was engaged in trafficking. But on its own, it is simply insufficient to meet even the meager standard of "some evidence." *See Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

Therefore I will grant the habeas corpus petition. Nevertheless, because a prison disciplinary proceeding does not constitute "prosecution" for double jeopardy purposes, Castro may be recharged with this same offense if, after conducting an investigation, prison officials discover evidence not present in this record showing that he trafficked or attempted to traffic. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996) (holding that an acquittal in an earlier prison disciplinary hearing did not bar a subsequent hearing to consider the very same charge).

For the foregoing reasons, the court:

(1) **GRANTS** the habeas corpus petition (DE 1);

(2) **ORDERS** the Respondent to remove the finding of guilt for WCC 12-04-549 from Antonio Castro's record,

(3) **ORDERS** the Respondent to restore to Antonio Castro the 30 days lost credit time; and

(4) **ORDERS** the Respondent to send proof of compliance with this order by January 31, 2014.

**SO ORDERED**.
ENTERED: January 2, 2014

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT